MICHAEL MASSING, PLAINTIFF-APPELLEE, v. BENJAMIN KORNBLUTH, DEFENDANT-APPELLANT.

Submitted May 18, 1930—Decided March 5, 1931.

Before Justices CASE, DALY and DONGES.

For the appellant, Morris Spritzer.

For the appellee, Edmund A. Hayes.

PER CURIAM.

This appeal brings up a judgment of the New Brunswick District Court in favor of the plaintiff in the sum of $295.72.

The state of the case shows that the plaintiff-appellee and defendant-appellant were the owners of the entire stock of a New Jersey corporation known as Massing-Kornbluth Company; that they agreed upon a dissolution of the company, each assuming an agreed apportioned share of the assets and liabilities of the corporation. In addition to certain liabilities specifically enumerated in a schedule, the agreement between the parties provided:

"It being distinctly understood and agreed that should there be any other liabilities not specifically enumerated in the schedule in the possession of Arnold B. Rosenthal, certified public accountant, that as to such amount the party of the first part and the party of the second part hereby agree to bear the same equally between them, and the same has reference to any current bills outstanding, such as telephone bills, electric light bills or any other bill not specifically enumerated in the accountant's statement of liabilities."

The court found on the count in question that the plaintiff is entitled to receive one-half of the sum of $465.45, or $232.74, as well as the sum of $63 on the second count, making $295.72 in all. There is no controversy as to the item of $63 on the second count. The question, therefore, is whether under the agreement stated the plaintiff-appellee was entitled to judgment against the defendant-appellant.

The items in question were as follows:

| | |
|---|---|
| Edmund A. Hayes, for incorporating company.... | $250.00 |
| Leon Jacobs and Bros. for merchandise.......... | 12.50 |
| City Tax ................................... | .56.00 |
| Advertising, New Brunswick Spokesman ........ | 6.00 |
| New Jersey Bell Telephone Co. ................. | 12.35 |
| Advertising, Eagles .......................... | 35.00 |

or $371.85, which under the state of the case it appears the plaintiff-appellee established as being liabilities of the corporation. For this sum, under the facts stated and the finding of the District Court, plaintiff is entitled to judgment for one-half, or $185.92. The other items upon which the District Court found in favor of the plaintiff-appellee are:

| | |
|---|---|
| Lumber to close up door . . . . . . . . . . . . . . . . . . . . . . | $5.05 |
| W. Stenner, carpenter . . . . . . . . . . . . . . . . . . . . . . | 4.00 |
| Joseph Randolph, window lights . . . . . . . . . . . . . . . | 34.65 |
| Rolfe Lumber Co. . . . . . . . . . . . . . . . . . . . . . . . . . . | 50.00 |
| | $93.70 |

The testimony was that these items were incurred by the plaintiff-appellee in making certain alterations to the property theretofore occupied by the corporation so that both plaintiff and defendant might occupy one-half, the property being owned by the plaintiff-appellee.

There are two objections to the collection of these items. First, it does not appear that the plaintiff-appellee paid these bills, so that if they were within the purview of this provision of the agreement, the plaintiff would have no right to collect for them in advance of payment by him. And secondly, these items do not come within the agreement. They were not corporation liabilities, having arisen out of an agreement between plaintiff-appellee as landlord and the defendant-appellant as tenant. There was, therefore, legal error in the allowance of these items in this case. *Oppicci* v. *Erie Railroad Co., 93 N. J. L.* 394.

Let the judgment be reversed and the record remitted for a new trial in the District Court.